201 So.2d 215 (1967)
Ernest Charles FOSTER
v.
NUNMAKER DISCOUNT COMPANY, Inc., Carver General Insurance Agency, Inc., and Marquette Casualty Company.
No. 2724.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1967.
*216 John J. Pisa, New Orleans, for plaintiff-appellee.
Collins, Douglas & Elie, Robert F. Collins, New Orleans, for defendant-appellant.
Before McBRIDE, YARRUT, and BARNETTE, JJ.
YARRUT, Judge.
This is an appeal from a judgment awarding Plaintiff damages against Defendant, Carver General Insurance Agency, for failure to inform him that the policy covering his truck had been cancelled prior to a fire which almost totally destroyed the truck on April 13, 1964. The following facts are undisputed:
On May 4, 1962, Plaintiff and his wife purchased, through the Carver General Insurance Agency, a two-year policy from Marquette Casualty Company, which protected Plaintiff's truck from, among other things, loss by fire. On July 30, 1962, Marquette Casualty Company mailed a notice of cancellation of the policy in accordance with LSA-R.S. 22:636. As the address on the policy and on the letter was incorrect, the letter was returned to Marquette Casualty Company. On August 14, 1962, Mr. C. H. Pecot, the president of the Carver Agency, sent Plaintiff and his wife a letter to the same incorrect address, in which he stated that Plaintiff and his wife must have been aware that their policy had been cancelled and requested them to come to the Carver Agency office to discuss alternate coverages or obtain a refund of the premium. This letter was also returned to the Carver Agency with the notation "addressee unknown." No refund of the premium was ever made by the Carver Agency until July 16, 1964, three months after the truck was destroyed by fire.
There is no question that Marquette Casualty Company should have made greater effort to inform Plaintiff of the policy cancellation. See Breitenbach v. Green, La.App., 186 So.2d 712. However, we are not concerned here with the liability of the insurer, but of the agent, Carver General Insurance Agency. The Trial Judge found the agency liable and awarded Plaintiff $865 for the fire damage to his truck, and $700 for seven weeks loss of wages because he was deprived of the use of his truck, which was necessary in his business.
With regard to the liability of the Carver Agency, two questions must be determined: (1) Did the Agency possess sufficient knowledge and opportunity to inform Plaintiff that his policy had been cancelled, and, (2) If so, did it then have the duty to so inform him?
With respect to the first question, there is a factual dispute. Plaintiff claims that, between the issuance of the policy and the fire, he saw Mr. Pecot, the president of the Carver Agency, approximately twenty times, and was never informed by him that his policy had been cancelled; that, prior to the fire, both he and his wife had contact with the Carver Agency with regard to a life insurance policy which they eventually purchased; and that before the fire, Mr. Pecot drove him to see a Dr. Rose for a *217 medical examination in connection with the life insurance policy. Mr. Pecot testified he did have contact with Plaintiff's wife, but that she and Plaintiff were separated at the time and she had no idea how to contact her husband; that he did not recall driving Plaintiff to see the doctor, but admitted he might have met him at another time in Dr. Rose's office. However, in his testimony in this regard he did admit that he finally located the Plaintiff, viz:
"A. I don't recall taking him to see a doctor, no; but I recall that his wife didn't know how to find him and we used various means and finally did locate him."
During the course of the trial the Trial Judge stated the following to Mr. Pecot: "The only way I can hold you liable is that if you had an opportunity to notify Mr. Foster and you didn't take it." Therefore the Trial Judge must have concluded, as do we, that Mr. Pecot had sufficient contact with Plaintiff to enable him to inform Plaintiff the policy on his truck had been cancelled.
We must now decide just what duty the Carver Agency had toward the Plaintiff. To do this we must first determine the relationship between the parties. From the record it is obvious that the Carver Agency was an insurance "broker" rather than an exclusive agent for Marquette Casualty Company.
On this subject Blashfield's Cyclopedia of Automobile Law and Practice, section 3491, states the following:
"The general distinction between insurance agents, who are persons employed by an insurance company to solicit risks and effect insurance, and insurance brokers, who solicit insurance from the public under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself, should be borne in mind.
"In general, in the absence of special circumstances, an insurance broker is the agent of the insured in procuring a policy of insurance and does not represent the insurer." (Emphasis added.)
See also Appleman, Insurance Law and Practice, section 8726, which is to the same effect. LSA-C.C. art. 3016 defines a "broker" as follows:
"The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered as the mandatary of both."
LSA-C.C. art. 3017 sets out the obligations of the broker as follows:
"The obligations of a broker are similar to those of an ordinary mandatary, with this difference, that his engagement is double, and requires that he should observe the same fidelity toward all parties, and not favor one more than the other."
We conclude that the Carver General Insurance Agency was an agent of the Plaintiff and owed him a duty to inform him that the contract of insurance had been cancelled failing in which it breeched its fiduciary duty, hence is liable for the resulting damages.
Regarding the quantum of damages, the Carver General Insurance Agency contends that: (1) The $700 award for loss of wages should be disallowed. There is no provision in the policy which provides such coverage, and we know of no authority which would enable the insured to collect from the agent more than it would have been able to recover from the insurance company in the event of loss. (2) The $85.00 which Plaintiff received as salvage should be deducted from the award for damage to the truck. We agree with both contentions.
Therefore the judgment in favor of Plaintiff is reduced from $1,565.00 to $780.00; otherwise, the judgment is affirmed; each party to pay their own costs on appeal.
Judgment amended and affirmed.