Eleanor BARNES et al., Appellants,

v.

## METROPOLITAN LIFE INSURANCE CO. et al., Respondents.

### No. 42835.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 13, 1981.

David R. Hess, Clayton, for appellants.

P. Terence Crebs, Gregory J. Christoffel, St. Louis, for respondents.

REINHARD, Judge.

Plaintiffs appeal following the trial court's order sustaining defendants' motion to dismiss plaintiffs' first amended petition.

In the first amended petition, plaintiff Eleanor Barnes, suing in Count I as an individual and in Count II as administratrix of the estate of James Q. Barnes, brought suit against defendant Melvin Uthoff and defendant Metropolitan Life Insurance Co.

Count I of the petition alleged that in 1973 or 1974, "defendant Metropolitan Life Insurance Co., through its employee and agent, defendant ... Uthoff, volunteered to review" the insurance program of Eleanor Barnes and her husband, James Q. Barnes; included in the review was a policy previously issued by the John Hancock Life Insurance Co. on the life of James Q. Barnes, naming Eleanor Barnes as beneficiary. The petition further alleged that Uthoff advised the Barnes' that they should take advantage of the "automatic premium loan provision" of the Hancock policy in

order to afford the premiums on new Metropolitan policies being sold to them. In addition, the petition alleged that Uthoff, "acting within the scope and course of his employment negligently failed and omitted to tell plaintiff and her husband that within a few years the automatic premium loan would diminish the cash value of the John Hancock policy and that said policy would terminate." In regard to damage, it was alleged that, as a result of defendants' negligent omission, plaintiff was damaged after James Q. Barnes' death in 1977 when the Hancock policy distributed some $11,000 less than it would have had certain policy provisions not terminated "for failure to pay premiums." Count II incorporated by reference all the numbered paragraphs of Count I, and further alleged that the estate of James Q. Barnes had suffered damages.

Defendants moved to dismiss plaintiffs' first amended petition on several grounds, arguing that neither Count I nor Count II stated a claim for which relief could be granted; that in Count I Mrs. Barnes, suing as an individual beneficiary, lacked capacity to bring the action; and that Count II, brought by Mrs. Barnes as administratrix of the decedent's estate, was barred by the statute of limitations. (The claim by the administratrix was first filed on January 29, 1980, when the amended petition was filed.) The trial court sustained the motion to dismiss, and plaintiff Eleanor Barnes appealed.

On review of a dismissal, we must allow "the pleading its broadest intendment, treat all facts alleged as true, construe the allegations favorably to plaintiff and determine whether the averments invoke principles of substantive law." *Shapiro v. Columbia Union Nat'l Bank & Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

Plaintiffs admit that they are unable to cite a case, either in Missouri or in a foreign jurisdiction, holding that a cause of action exists under facts such as those alleged in their petition. Neither has our own research disclosed such a case.[1]

Missouri does recognize that under certain circumstances an insurance agent may be held to owe certain duties to his clients, and may be liable for a negligent breach of such duties. As stated in *Pittman v. Great Am. Life Ins. Co.*, 512 S.W.2d 857 (Mo.App.1974):

When an insurance agent undertakes to procure insurance for a party, with a view to earning a commission, he becomes the party's agent and owes a duty to the party to act with reasonable care, skill and diligence. *Hall v. Charlton*, 447 S.W.2d 5, 9 (Mo.App.1969); *Zeff Distributing Co. v. Aetna Casualty & Surety Company*, 389 S.W.2d 789 (Mo.1965); 44 C.J.S. Insurance § 172, p. 861; 43 Am. Jur.2d, Insurance, § 174, p. 230; and *Wiles v. Mullinax*, 267 N.C. 392, 148 S.E.2d 229 (1966). See also dictum in *Kap-Pel Fabrics, Inc. v. R. B. Jones & Sons, Inc.*, 402 S.W.2d 49, 53 (Mo.App. 1966). If the agent is unable to effectuate the insurance he has a duty to timely so notify his client. *Wiles v. Mullinax*, supra; 44 C.J.S. Insurance § 172, p. 862; 43 Am.Jur.2d, Insurance, § 175, p. 232; and 29 A.L.R.2d 171, 184 (1953). See also *Zeff Distributing Co. v. Aetna Casualty & Surety Company*, supra. Failure of an agent to so notify his client will render the agent liable to the client for damages and the client, at his election, may sue the agent either for breach of contract or in tort for negligent breach of the agent's duty to timely notify the client that the requested insurance was not obtained. *Wiles v. Mullinax*, supra; *Hall v. Charlton*, supra; *Zeff Distributing Co. v. Aetna Casualty & Surety Company, supra*; and 44 C.J.S. Insurance § 172b, p. 863.

1. We recognize that the New Jersey courts have held insurance *brokers* to a general standard of professional care as a matter of law. *See, e. g., Bates v. Gambino*, 72 N.J. 219, 370 A.2d 10 (1977). We note, however, that while the duties imposed on brokers by this standard of professional care may be somewhat more exacting than the duties thus far imposed on insurance agents and insurance brokers by Missouri, even in regard to brokers the New Jersey courts have never gone as far in imposing liability as plaintiffs here would have us go.

*Id.* at 861. In the case at hand, however, it is not alleged that defendant Uthoff was the agent of plaintiff or that he was negligent in any undertaking to procure insurance; rather, it is alleged that he was negligent in failing to inform potential clients of the significance of provisions in another insurer's policy already held by them.

We have examined plaintiffs' first amended petition, and conclude that the facts which it alleged, even when viewed in the light most favorable to plaintiffs, were not sufficient to create a duty running from defendants to plaintiffs. Without such a duty, an action for negligence could not lie, *Consumers Coop. Ass'n v. McMahan*, 393 S.W.2d 552, 555 (Mo.1965), and the trial court therefore properly dismissed plaintiffs' first amended petition since it failed to state a claim for which relief could be granted. Having reached this conclusion, it is unnecessary for us to consider the validity of the other grounds alleged in defendants' motion to dismiss plaintiffs' first amended petition.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.