Barbara M. HLAVATY, Appellant,

v.

KRIBS FORD, INC., d/b/a Kribs Ford City, Respondent.

No. 43443.

Missouri Court of Appeals, Eastern District, Division Three.

July 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

Frederick W. Drakesmith, Leland C. Smith, II, Cundiff, Turken, Londoff & Drakesmith, St. Charles, for appellant.

Charles S. Sigoloff, J. E. Sigoloff, St. Louis, for respondent.

CRIST, Presiding Judge.

In February of 1980 Barbara Hlavaty (hereinafter "wife") filed suit against Kribs Ford, Inc. (hereinafter "car dealer"). She sought to recover damages suffered as a result of car dealer's failure to notify her or her late husband that their credit life insurance policy, purchased as a part of a retail installment contract, had been cancelled. The suit was dismissed for failure to state a cause of action. Wife appeals and we reverse.

Our review of the dismissal of the petition allows the pleading its broadest intendment. We treat all facts alleged as true, then determine whether the averments invoke principles of substantive law. *Shapiro v. Columbia Un. Nat. Bk. & Tr. Co.*, 576 S.W.2d 310, 312 (Mo.banc 1978), *cert. den.*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

In her petition, wife alleges the following facts:

On April 26, 1977, William Hlavaty (hereinafter "husband"), wife and Kribs Ford, Inc. (hereinafter "car dealer") entered into a retail installment contract for the purchase of a car. At the same time husband and wife bought credit life insurance for the term of the contract, forty-eight months. The coverage provided that if husband died while money was still owed for the car, the insurance would pay that amount. The purchase price for this coverage was paid as part of the regular installments, which were always paid promptly. The insurance was placed with Old Security Life Insurance Company (hereinafter "insurance company").

About six months later, in October of 1977, insurance company went into receivership. The receiver so notified car dealer and all other producers of insurance for insurance company. The receiver also instructed every producer to notify each policyholder of insurance company's status. Car dealer did not notify husband and wife.

In March of 1979, the receiver was authorized to cancel all credit life policies of insurance company, effective March 31, 1979. Again, car dealer received notice with directions to pass on the information to policyholders. The receiver also provided a memo that was ready to be copied and mailed to policyholders. Again, car dealer failed to notify husband and wife.

In July of 1979, husband died of natural causes. Wife alleges that car dealer, as

**330**

agent for wife and husband, had a fiduciary duty to inform them of the cancellation of their insurance policy. Further, she alleges that car dealer's breach of this fiduciary obligation has caused her to lose the insurance proceeds due upon husband's death.

■ When a person undertakes to procure insurance for a party, with a view to taking a benefit therefrom, he becomes the party's agent and owes a duty to act with reasonable care and diligence. *Pittman v. Great American Life Insurance Company*, 512 S.W.2d 857, 861 (Mo.App.1974). Hence, an agent is subject to a duty to use reasonable efforts to give his principal information which is material to the subject matter of the agency. *Browder v. Hanley Dawson Cadillac*, 62 Ill.App.3d 623, 629, 20 Ill.Dec. 138, 143, 379 N.E.2d 1206, 1211 (Ill.App. 1978). For example, if a broker is unable to arrange the insurance he agreed to obtain, he has a duty to timely so inform his client. *Pittman v. Great American Life Insurance Co., supra*, at 861.

Other jurisdictions have held a broker liable for damages resulting from the broker's failure to notify a client of the cancellation of its insurance. *See, e.g., Cat 'N Fiddle, Inc. v. Century Insurance Co.*, 200 So.2d 208, 211 (Fla.App.1967); and *Foster v. Numaker Discount Co.*, 201 So.2d 215, 217 (La.App.1967).

■ Generally, the duty of an automobile dealer (broker under § 385.055, RSMo. 1978), employed to procure credit life insurance in connection with the purchase of an automobile, is limited to the things necessary, incidental to, or reasonably expected to be done in the procurement of the insurance, and when such insurance is procured, the duty ends. *See, Farrar v. Mayabb*, 326 S.W.2d 337, 341 (Mo.App.1959). However, under the unusual circumstances alleged in wife's petition, car dealer was under a duty to notify husband and wife of the cancellation so as to permit them to obtain other credit life insurance, unless husband and wife knew or should have known of the cancellation from other sources. *Cat 'N Fiddle, Inc. v. Century Insurance Co., supra.*

Judgment reversed and remanded.

REINHARD and SNYDER, JJ., concur.