John MATTHEWS and Beulah Matthews,
Plaintiffs-Respondents,

v.

Larry SCHUMACHER,
Defendant-Appellant.

No. 45566.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 27, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

V. Kenneth Rohrer, Farmington, for defendant-appellant.

Dennis E. McIntosh, Farmington, for plaintiffs-respondents.

SNYDER, Presiding Judge.

This is an action in which the plaintiffs, John and Beulah Matthews, sought damages from defendant insurance agent Larry Schumacher and MFA Mutual Insurance Company (MFA) for failure to advise the Matthews to pay the premium due on an automobile insurance policy within a ten-day extension period. The trial court granted a motion for a directed verdict in MFA's favor at the close of all the evidence. A jury found for the plaintiffs and against defendant Larry Schumacher, and awarded them $4,556.30 in damages. Schumacher appeals. The judgment is reversed.

Respondents John and Beulah Matthews insured their 1976 GMC pickup truck with MFA. The premiums were to be paid quarterly. Failure to pay the premium when due or within a ten-day extension or grace period would cause the policy to lapse as of the due date of the premium.

The Matthews failed to pay a quarterly premium due October 4, 1978. On October 9 or 10, 1978, the truck insured under the policy was totally destroyed in an accident. When Mrs. Matthews went to appellant Larry Schumacher's office the next day to fill out a loss form, she told Schumacher's secretary that she had not paid the premium due October 4, but intended to pay it on October 13. She was told that she had a ten-day grace period and that if there was any problem Larry would call her.

On or about October 12, 1978, a claims adjuster from MFA telephoned Mr. Matthews and told him the loss was not covered. Mr. Matthews telephoned Schumacher and was told by him not to worry. Mrs. Matthews then called Schumacher. He told her not to worry; he would find out what the problem was.

The Matthews did not pay or attempt to pay the premium on October 13, 1978. Mrs. Matthews testified she didn't think it necessary to pay the premium because the truck had been totalled. She did not, however, inform appellant that she did not think she was required to pay the premium. Sometime after the extension or grace period expired, Schumacher informed the Matthews that the loss was not covered because they had failed to pay the premium on time.

The jury rendered a verdict for the Matthews against Schumacher pursuant to a verdict directing instruction based on Schumacher's alleged negligence in failing to advise the Matthews to tender their premium within ten days of the due date.

Appellant raises four points of error on appeal, but only one need be considered. The trial court erred in failing to grant Schumacher's motion for a directed verdict at the close of plaintiff's evidence or at the close of all evidence.

 Even viewing the evidence in the light most favorable to the respondents, as this court must, *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 724 (Mo.1983), respondents failed to make a submissible case in the trial court. They failed because there was no duty on the part of Schumacher to maintain insurance for respondents or to tell respondents they must pay the premium within ten days of the due date. Respondents' verdict directing Instruction No. 6 read:

### Instruction No. 6.

Your verdict must be for plaintiffs if you believe:

First, defendant Larry Schumacher undertook to procure and maintain automobile collision insurance for plaintiffs with a view to earning a commission, and

Second, defendant Larry Schumacher failed to advise plaintiffs to tender their premium payment within ten (10) days from the time and date due, and

Third, defendant Larry Schumacher was thereby negligent, and

Fourth, as a direct result of such negligence plaintiffs sustained damage.

The instruction is based on an erroneous declaration of the law as it relates to the relationship of the parties and the negli-

gence theory upon which the case was tried. Appellant owed no duty to maintain the insurance or to advise the Matthews to pay the premium within ten days of the due date. Therefore, it was error to instruct the jury to find for plaintiffs if they believed appellant undertook to maintain the insurance and failed to tell plaintiffs to pay the premium within the ten days.

Mrs. Matthews knew that the premium had to be paid by October 14, 1978 in order to prevent lapse of the insurance policy. She had paid premiums in the past after the due date and before the ten days had elapsed, and in some cases,. after the ten days had elapsed. She knew that if the premiums were paid within the ten-day extension period, the coverage continued without any lapse, but if the premiums were paid after the ten days had expired, the coverage lapsed as of the due date and was reinstated only after the premium was paid.

She told Schumacher's secretary, when she came into the insurance office to report the loss, that she intended to pay the premium on October 13, 1978. There was no duty on the part of Schumacher to tell her what she already knew.

Assuming that an agency relationship existed between the Matthews and Schumacher when the Matthews initially contracted for insurance coverage, the duty of care owed the Matthews did not extend to the maintenance of the policy.

Both parties cite *Barnes v. Metropolitan Life Insurance Co.,* 612 S.W.2d 786, 787[1–3] (Mo.App.1981). In *Barnes* the court said:

"Missouri does recognize that under certain circumstances an insurance agent may be held to owe certain duties to his clients, and may be liable for a negligent breach of such duties."

The *Barnes* court, however, found for the insurance agent because under the facts in *Barnes,* the agent owed no duty.

The duty of care owed the Matthews did not extend to the maintenance of the policy, even though under the *Barnes* decision Schumacher may have been the agent of the Matthews in procuring the insurance.

No cases were cited by respondents in which an agent under these circumstances was held liable for failing to maintain insurance for his customer. Mr. and Mrs. Matthews, or at least Mrs. Matthews, was aware of the date when the premium was to be paid and she knew the mechanics of the ten-day extension period.

Although at trial Mrs. Matthews asserted she was under the impression that she was no longer required to pay the premium once the loss occurred, her words and actions at the time of the collision specifically refute this. She told defendant Schumacher's secretary when she went to report the loss that she had not paid the premium on October 4, but intended to pay it on October 13. Mrs. Matthews was assured that payment by the 13th would be within the ten-day extension period. At no time were the Matthews told that they did not have to pay the premium. Schumacher had no duty to advise the Matthews of facts of which they were aware, and of which they told Schumacher they were aware.

Respondents rely on *Zeff Distributing Company v. Aetna Casualty & Surety Company,* 389 S.W.2d 789 (Mo.1965), to support their argument. In that case, however, there was an explicit agreement between the parties that the agent was to maintain the insurance. No such agreement existed in the case under review and therefore no duty was owed by Schumacher, particularly when the Matthews knew the premium had to be paid and told appellant they would pay it.

■ The furtherance of justice requires that a case should not be reversed without remanding unless the appellate court is convinced that the facts are such that recovery cannot be had. *Bildner v. Giacoma,* 522 S.W.2d 83, 93[18, 19] (Mo.App.1975). Rule 84.14 requires an appellate court to dispose finally of a case unless justice otherwise requires. After a thorough review of both the law and the facts, this court concludes that no recovery could be had.

The judgment is reversed.

DOWD, C.J., and GAERTNER, J., concur.