**Joanne HEIKES, Plaintiff and Appellant,**

v.

**Jack MONTGOMERY and First Agency, Inc., d/b/a First Insurance, Defendants and Appellees.**

No. 15235.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1986.

Decided Jan. 14, 1987.

John P. Blackburn of Blackburn, Stevens & Dietrich, Yankton, for plaintiff and appellant; Donna K. Dietrich of Blackburn, Stevens & Dietrich, Yankton, on brief.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees; Rick W. Orr of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

MORGAN, Justice.

Plaintiff Joanne Heikes (Heikes) appeals from a summary judgment granted to defendants Jack Montgomery (Montgomery) and First Agency, Inc. We affirm.

The sole issue, as presented by Heikes, is:

Whether summary judgment was appropriate since there was a fact question as to whether Montgomery had, through his prior course of conduct, a duty to maintain fire insurance coverage for Heikes and whether he breached that duty by failing to extend credit to Heikes for her premium and by requesting that her policy be cancelled?

On January 6, 1984, Heikes' home burned and was severely damaged. Homeowners insurance procured for Heikes by Montgomery was cancelled on September 29, 1983, due to nonpayment of the premi-

um by Heikes. Heikes brought suit claiming that even though she received notice from Tri-State Insurance Company informing her that her policy was cancelled, Montgomery had a duty to maintain fire insurance coverage and not to cancel the policy without personal notice from Montgomery to Heikes.

It is clear from the record that on several prior occasions Montgomery had, when specifically requested by Heikes, extended credit to Heikes for her insurance premiums and had allowed her to pay the premiums some months after they were due. Heikes always paid the insurance premium to Montgomery's agency and did not deal directly with the insurance company. A premium that was due on August 28, 1980, was subsequently paid on November 10, 1980. An insurance premium due August 28, 1981, was subsequently paid on January 12, 1982. Another premium due on August 28, 1982, was not paid until December 15, 1982. In this case, the premium due on August 28, 1983, was not paid by September 22, 1983, whereafter Montgomery requested Tri-State Insurance to cancel Heikes' insurance policy. The undisputed facts show that on September 29, 1983, Heikes received a certified letter, return receipt requested, from the insurance company informing her that her policy was cancelled. The letter informed Heikes that she had twenty days in which to find new coverage. The cancellation, according to the notice, was due to *nonpayment of premium*. Heikes revealed in deposition testimony that she knew her homeowners insurance was with Tri-State Insurance and that she understood the contents of the cancellation notice. Heikes went to see Montgomery within the twenty-day period but Montgomery was not in the office. She left no message for him to contact her. On January 4, 1986, Heikes went to visit Montgomery to give him an appraisal on some personal property. Once again, Montgomery was not in. The record does not reflect whether Heikes left word for Montgomery to contact her.

While we agree that a past course of conduct established by Montgomery may

establish a duty to continue with the prior conduct, this is not so where Heikes was informed that the past course of conduct would no longer be followed. It is undisputed that Heikes received the notice of cancellation from the insurance company. Heikes knew that Tri-State provided the insurance on her house and she understood the contents of the notice. Although Montgomery may have had a duty to extend credit to Heikes because of a past course of conduct, that duty was extinguished by the express notice of cancellation received by Heikes. *See Martha Co. v. Nationwide Mut. Ins. Co.*, 473 F.Supp. 1029 (M.D.Pa. 1979). Heikes has not cited a single case, nor can we find any, that would support her theory that Montgomery owed a duty to maintain the insurance or to personally advise Heikes of the cancellation even though such notice was provided by the insurance company.

The case of *Matthews v. Schumacher*, 660 S.W.2d 357 (Mo.App.1983) involves a somewhat similar situation where the plaintiff failed to pay an auto insurance premium within the ten-day grace period after the due date. Initially, the court recognized that there was no duty to maintain an insurance policy. *Id.* at 359. Furthermore, the court ruled that there was no duty to advise the insureds that the premium must be paid within ten days in light of the fact that insureds knew of this fact. *Id.*

We affirm the summary judgment.

WUEST, C.J., HENDERSON, J., and FOSHEIM, Retired Justice, concur.

SABERS, J., dissents.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

SABERS, Justice (dissenting).

I dissent. The following facts raise jury questions under *Wilson v. Great Northern Railway*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968), and prevent summary judgment:

(1) the history of credit in this case;

(2) the affirmative duty on the part of the agent to notify the insured that credit can no longer be extended to her, (This duty would arise on the part of the agent—rather than the company—from a simple review of his own accounts.);

(3) the telephone call from the insured to the agent;

(4) the insured's trip to the agent's office;

(5) the telephone call from the insured concerning the appraisal of personal property;

(6) the delivery of the appraisal report by the insured to the agent's office and no call back to the insured from the agent.

Reasonable minds can certainly differ as to each of the above matters. In addition, a factual dispute exists as to whether agent Montgomery's prior permission to pay late (on credit) was express or implied. This is so because in prior years, Montgomery billed Heikes after the due dates of the insurance policy.

In summary judgment, "the successful movant must show by evidence of appropriate evidentiary quality, that every state of facts is excluded except that which entitled him to relief." *Sword v. Fox*, 317 F.Supp. 1055 (D.C.Va.1970), *reversed on merits* 446 F.2d 1091 (4th Cir.1971). The trial court does not have discretion under SDCL 15–6–56 to resolve disputed factual issues on a summary judgment motion. The trial court has only the power to determine whether such issues exist. Having identified such issues, summary judgment is precluded. As stated in 10A Wright, Miller & Kane, *Federal Practice & Procedure* § 2725, at 104–109 (1983):

When applying Rule 56(c) standard, the judge cannot summarily try the facts; his role is limited to applying the law to the facts that have been established by the litigants' papers. Therefore, a party moving for summary judgment is not entitled to a judgment merely because the facts he offers seems more plausible than those tendered in opposition....

Therefore, if the evidence presented on the motion is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is improper.

Therefore, I would reverse and remand for a trial.