**Jean KELLEY, Plaintiff–Respondent,**

v.

**SHELTER MUTUAL INSURANCE CO. and Dennis McCarty, Defendants–Appellants.**

**No. 15194.**

Missouri Court of Appeals, Southern District, Division Two.

March 18, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1988.

Clinton B. Roberts, Farmington, for defendants-appellants.

No appearance for plaintiff-respondent.

PREWITT, Presiding Judge.

Plaintiff Jean Kelley sued defendant Shelter Mutual Insurance Co. and Dennis McCarty for negligence. A jury rendered a verdict in plaintiff's favor against both defendants for $8,000. Judgment was entered accordingly. Defendants appeal.

The count of plaintiff's petition submitted to the jury alleged that plaintiff secured insurance from defendant Shelter, covering fire and other losses to a mobile home owned by her, from defendant McCarty, an insurance agent for defendant Shelter. She claimed that on August 30,

1980, he bound coverage which defendant Shelter terminated at noon on September 21, 1980. Shelter contends that it mailed notice of cancellation to plaintiff in advance of the cancellation date. Plaintiff testified she never received that notice. Plaintiff's mobile home was destroyed by fire on September 28, 1980.

Plaintiff does not claim that the termination was ineffective. She sued on a tort rather than a contract theory. Plaintiff alleged and offered instructions, given by the court, which submitted whether McCarty, as defendant's agent, was negligent. The negligence submitted was in McCarty failing to inspect the premises to see if plaintiff had complied with the conditions required by an underwriter employed by defendant Shelter for her to continue the insurance, or in McCarty failing to notify her that the coverage was cancelled.

Plaintiff has not filed a brief so we have only defendants' contentions before us. In defendants' first point they state that the trial court erred in overruling their motion to dismiss, for failure to state "a cause of action", the count of plaintiffs' petition which was submitted to the jury. Defendants assert that the count was deficient because plaintiff "did not plead in her petition any unusual circumstances to place a duty on defendant McCarty to notify" plaintiff of the cancellation and because that count "is in contradiction with Missouri revised statute § 375.003 & § 375.005.". Neither the point nor the argument under it address the allegation that defendant McCarty was negligent in not inspecting the premises.

In determining if the count states a claim for which relief can be granted, the pleading is allowed its broadest intendment; all facts alleged are treated as true; and then it is determined whether the averments invoke principles of substantive law. *Hlavaty v. Kribs Ford, Inc.*, 622 S.W.2d 328, 329 (Mo.App.1981).

■ Defendant's contention in regard to §§ 375.003 and 375.005, RSMo 1978, can be quickly rejected. Although other reasons might be advanced why those sections would not apply here, the simple answer is that they expressly do not apply to insurance on a mobile home. The cited sections are a part of chapter 375, "Provisions Applicable To All Insurance Companies". That chapter is subdivided and §§ 375.001 —375.008 are under the heading of "Policy Cancellation".

Section 375.003.1 provides for when "notice of cancellation of a policy ... shall be effective". Section 375.005 states that proof of mailing is sufficient if mailed "to the named insured at the address shown in the policy". The obvious fallacy in defendant's reliance on them is that as used in those sections, " 'Policy' does not include ... an insurance contract insuring a mobile home". § 375.001(4), RSMo 1978.

■ Turning now to defendants' contentions that plaintiff did not plead any circumstances showing a duty on McCarty to inspect or give notice of cancellation, defendants are correct that a duty to plaintiff is required. Three elements are necessary for actionable negligence: a duty owed to protect the claimant from the injury complained of, a failure to perform that duty, and injury proximately caused thereby. *Lavo v. Medlin*, 705 S.W.2d 562, 564 (Mo. App.1986).

■ When an insurance agent undertakes to procure insurance for a party he can become the party's agent and owe a duty to the party to act with reasonable care, skill and diligence. See *Barnes v. Metropolitan Life Insurance Co.*, 612 S.W.2d 786, 787 (Mo.App.1981); *Pittman v. Great American Life Insurance Co.*, 512 S.W.2d 857, 861 (Mo.App.1974). See also *Zeff Distributing Co. v. Aetna Casualty and Surety Co.*, 389 S.W.2d 789, 795 (Mo. 1965) (agent who, through neglect, fails to procure insurance is liable); Annotation, Liability of insurance broker or agent to insured for failure to procure insurance, 64 A.L.R.3d 398 (1975); Annotation, Duty and liability of insurance broker or agent to insured with respect to procurement, continuance, terms, and coverage of insurance policies, 29 A.L.R.2d 171 (1953).

There could be a difference between the duty of an insurance broker who sells for

several companies and an insurance agent working for only one company. Whether a so-called "independent broker" as distinguished from one who sells only for one company is the agent of the insurer or the insured depends on the facts of a particular situation. *Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 938 (Mo. 1969). See also *R.L.B. Enterprises, Inc. v. Liberty National Fire Insurance Co.*, 413 N.W.2d 551, 553 (Minn.App.1987) (setting forth factors to consider to determine whether a person is acting as a broker for the insured or an insurance agent for the insurer). In *Bellmer v. Charter Security Life Insurance Co.*, 105 Ill.App.3d 234, 61 Ill.Dec. 34, 433 N.E.2d 1362 (1982), that distinction was also noted. The court reached the conclusion that for tort purposes the insured's agent or broker has a duty of care, competence, and skill toward the person seeking insurance, whereas no such duty is imposed upon the insurer's agent. 61 Ill.Dec. at 38, 433 N.E.2d at 1366.

However, as this point questions only plaintiff's pleadings and not the sufficiency of the evidence that distinction need not be further discussed. There is no contention by defendants that a submissible case was not made against McCarty. Plaintiff pleaded, "When defendant McCarty agreed to procure insurance on plaintiff's mobile home, with the intention of making a commission, defendant McCarty became plaintiff's agent, thereby owing to plaintiff a duty to act with reasonable care and diligence." She further alleged that he did not do so by not notifying her of the cancellation and, although he told her that he would, that he failed to inspect the premises.

Besides the general duty of an agent who attempts to secure insurance there are other authorities on which those allegations can be supported. If an agent does not secure the insurance sought by his client he has a duty to timely notify the client and failure to do so will render him liable for damages and the client, has an election to sue either for breach of contract or in tort for negligent breach of the agent's duty. *Barnes,* supra 612 S.W.2d at 787. Liability has also been imposed in favor of the insurer against an agent who failed to inspect the insured premises. *Nowell v. Union Mutual Fire Insurance Co.*, 119 N.H. 855, 409 A.2d 784 (1979). Such failure might also breach a duty to the insured.

Under this point the defendants cite *Hlavaty v. Kribs Ford, Inc.*, 622 S.W.2d 328 (Mo.App.1981), claiming that it holds that "unless there are unusual circumstances, the agent is under no duty to notify of a cancellation." Although *Hlavaty* can be interpreted as requiring unusual circumstances for an automobile dealer, who procures credit life insurance in connection with the purchase of an automobile, to have a duty to give notice of cancellation, it does not indicate that unusual circumstances must be present where the usual type of insurance agent or broker fails to procure insurance or after temporarily procuring it, it is cancelled. *Hlavaty* does not aid defendants. Nor does *Dent v. Monarch Life Ins. Co.*, 231 Mo.App. 283, 98 S.W.2d 123 (1936), the remaining case cited by defendants under this point. It was not a suit against an agent or broker and does not discuss the duty of an agent to the insured.

■ Plaintiff was not required to plead unusual circumstances requiring McCarty to give her notice before he had a duty to do so. That duty, under the allegations of the petition, arose when he agreed to procure insurance for her. There also could be liability to plaintiff if defendant McCarty did not inspect as he agreed to do and that caused the insurance to be terminated. That could be a breach of an insurance agent's duty to act with reasonable care and diligence to secure insurance for a client. A claim for which relief could be granted was at least pleaded against defendant McCarty. This point is denied.

■ Defendants contend in their second point that the trial court erred in overruling their motion for summary judgment "for the reason that R.S.Mo. 375.003 and 375.005 allow cancellation of an insurance policy for any reason by the mailing of notice." In addition to the inapplicability of those sections as set forth above, the

denial of a motion for summary judgment is interlocutory, not a final appealable order, and not properly the subject of a point on appeal. See *McCready v. Southard*, 671 S.W.2d 385, 389 (Mo.App.1984). This point is denied.

Among the points relied on in defendants' brief is a contention that there was insufficient evidence to show that the claimed acts of negligence of defendant McCarty "were in the scope of the principal-agent relationship between defendant McCarty and defendant Shelter." Because of this defendant Shelter contends that its motions for a directed verdict at the close of all the evidence and motion for judgment notwithstanding the verdict, see Rule 72.-01, should have been granted.

McCarty was an "agent" of defendant Shelter as that term is used applicable to the insurance industry. See *State ex rel. Cameron Mutual Insurance Co. v. Reeves*, 727 S.W.2d 916, 918 (Mo.App.1987). However, that does not establish that the failure to inspect or notify plaintiff was within the course and scope of McCarty's agency with Shelter so as to make Shelter liable for his negligence.

■ An act is within the scope of an agent's employment if the act is of the kind he is employed to perform, the act occurs within the authorized time and space limits and is performed, at least in part, with the intent of serving the principal. See *Wagstaff v. City of Maplewood*, 615 S.W.2d 608, 610 (Mo.App.1981); *Bova v. St. Louis Public Service Company*, 316 S.W.2d 140, 144 (Mo.App.1958).

■ There was evidence that McCarty was only to sell Shelter Insurance except for some government insurance programs, and as such, in connection with selling insurance he would ordinarily be acting as the agent of Shelter. A person who solicits insurance for a particular company, and none other, is an agent, and not a broker, and acts of one procuring insurance as an agent of the insurer are imputable to it, while those acting as an agent of the insured, or as a broker, are not. *Travelers Indemnity Co. v. Beaty*, 523 S.W.2d 534, 537 (Mo.App.1975). In inspecting property McCarty could be acting for both the insured and the insurer. Here inspecting could help both plaintiff in receiving the coverage and defendant Shelter in seeing that the conditions they required to minimize the risk and continue the coverage had been completed.

However, McCarty did not inspect and there is a difference between negligent inspection and no inspection. By saying this we do not intend to indicate that had McCarty negligently inspected there would have been a valid claim against Shelter. That is not before us. Generally on negligent inspection, see 2 Speiser, American Law of Torts § 9:15 (1985). See also *Smith v. Allendale Mutual Insurance Co.*, 410 Mich. 685, 303 N.W.2d 702 (1981) (Negligent inspection by insurer).

■ By not inspecting McCarty may have interfered with plaintiff's attempt to secure insurance and kept Shelter from selling it for an extended time. He may have breached a duty to both but those are separate duties. In failing to act for plaintiff defendant McCarty was not failing to perform an obligation of defendant Shelter. A fire insurer has no duty to inspect for the insured. *Smith v. Allendale Mutual Insurance Co.*, supra 303 N.W.2d at 706. There was no basis for the trier of fact to find that failing to inspect would be within the scope of McCarty's agency with Shelter.

■ We reach the same result on whether failing to give notice of the cancellation was within McCarty's scope of agency with Shelter. It gave notice and there was no evidence that it was within McCarty's duties to Shelter to also do so or that his giving notice would serve any purpose for it. A submissible case was not made against defendant Shelter.

■ In another point defendants assert that the trial court gave an erroneous submission instruction. Plaintiff submitted two submission instructions. One, which set forth what the jury must find to render a verdict "for plaintiff against defendant Shelter Insurance Company". The other,

the instruction complained of, does not say if it intends to cover only one defendant's liability or both. It starts "Your verdict must be for plaintiff if you believe:". Plaintiff claims that this instruction is MAI 17.02, and it appears to have been patterned after it. The Notes on Use following MAI 17.02 state:

> 1. In any case involving more than one defendant, any reference to a particular defendant should include the name of that defendant, or other descriptive term. Where plaintiff submits against more than one defendant in separate verdict directors, the first line of the verdict director should be modified to indicate the particular defendant covered by this verdict director, i.e.:
>
> > Your verdict must be for plaintiff against defendant John Jones if you believe:
>
> If the verdict director is applicable to the plaintiff's claim against more than one defendant, it can be described as follows:
>
> > Your verdict must be for plaintiff [against both defendants] [against defendant John Jones and defendant Ace Trucking Lines] if you believe:

The instruction did not follow these notes. When prejudicial error is claimed to result because of deviation from MAI, the party who tendered the instruction has the burden of demonstrating that the deviation was harmless. *Leonard v. Hodge,* 654 S.W.2d 165, 166 (Mo.App.1983). It could be contended that the instruction was not prejudicial to defendant McCarty but plaintiff does not do so. Plaintiff has made no showing of lack of prejudice and the instruction may well have been prejudicial. This instruction would be confusing to the jury and might result in them rendering a verdict against a defendant that they might not otherwise render. This point is sustained.

Defendants also contend that the instruction was erroneous for failing "to submit to the jury any unusual circumstances placing a burden on Defendant McCarty to notify Plaintiff." As said in discussing defendants' first point, unusual circumstances would not be required before defendant McCarty could have a duty to notify plaintiff.

Defendants' remaining points relate to questions asked of plaintiff regarding a witness unavailable because of illness, and to the trial court denying defendants' request to reopen the evidence. Those do not appear likely to arise upon retrial, so they are not addressed.

The judgment is reversed and the cause remanded for entry of an order sustaining defendant Shelter's motion for judgment notwithstanding the verdict and for a new trial against defendant McCarty.

HOGAN, FLANIGAN and MAUS, JJ., concur.