LEVINE, J., Associate Judge.
This appeal presents the issue of whether the settlement agreement between Appellant Alpine Fresh and Zurich American Insurance Company, which released Zurich from liability, also covered Appellees. We conclude the language within the settlement agreement was broad enough to cover Appellees and thus conclude the trial court correctly granted summary judgment in favor of Appellees.
In February 2009, Appellant filed a second amended complaint alleging it retained Appellee Thomas Washburn and his employer, Appellee Wilson, Washburn & Forster, Inc., to procure insurance, but that Appellees failed to obtain adequate insurance for Appellant. Specifically, Appellant, an importer of fruits and vegetables, alleged that Appellees failed to provide adequate insurance coverage to include business interruption coverage and to obtain a marine insurance policy to protect and indemnify Appellant for loss to inventory, either located off-premises or in shipment. Appellant alleged a cause of action for professional negligence against Appel-lees.
• Appellees moved for summary judgment, asserting that because Appellant, by an October 1, 2007, Settlement Agreement and Full Release of All Claims, previously had released Zurich, it inherently also had released Appellees from any and all claims Appellant could have asserted against them. After a hearing, , the trial court found that Appellees were agents of Zurich, and, as such, were released from liability. The trial court granted summary judgment in favor of Appellees. This appeal ensues.
The standard of review of an order granting summary judgment on an issue of law is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Appellant claims that Appellees were not released as a result of the settlement between Zurich and Appellant, since Appellees were not agents of Zurich. Appellant claims Appellees merely were insurance brokers who serviced several lines of insurance, including Zurich. The distinction between an insurance agent and insurance broker is pivotal in determining what acts are imputable to the insured or insurer. See Essex Ins. Co. v. Zota, 985 So.2d 1036, 1046 (Fla.2008) (stating that “acts of an agent are imputable to the insurer, and acts of a broker are imputable to the insured”) (quoting 3 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 45:1 (3d ed.2007)).
The record is clear Appellees acted as, and were understood to be, agents of Zurich. Of most importance is the settlement agreement itself. It said in pertinent part:
COME NOW, ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, on behalf of its agents, servants, successors, assigns, administrators, subsidiaries, independent adjusters, experts, parent and related corporations and/or business organizations of any kind, and attorneys (hereinafter collectively referred to as “ZURICH”), and ALPINE FRESH, INC, ... does hereby remise, release, acquit, and forever *767 discharge ZURICH from any and all claims, actions, causes of actions, demands, rights, damages, ... loss of services, expenses, compensation, and obligations towards ALPINE FRESH whatsoever, which ALPINE FRESH now has or which may accrue on account of, or in any way growing out of any and all known and unknown, foreseen and unforeseen claims, made by ALPINE FRESH ... and/or relating to any assertions, allegations or claims that could be brought in any action, including but not limited to any claim for breach of contract, anticipatory or otherwise, against ZURICH.
Therefore, the case rests solely on our interpretation of the above plain language of the release between Zurich and Appellant. See Philip Morris Inc. v. French, 897 So.2d 480, 488 (Fla. 3d DCA 2004) (“Courts are required to construe a contract as a whole and give effect, where possible, to every provision of the agreement.”). When we consider the above plain language, we conclude the release language is broad enough to include Appel-lees acting as representatives and agents of Zurich.
Appellees were “general lines agents,” as defined in section 626.015(5)(a)-(e), Florida Statutes (2010), for various insurance companies including Zurich. As insurance agents, they had the authority to bind Zurich when writing a policy for a prospective insured. Although Appellees sold other lines of insurance besides Zurich, whether a broker is an agent of the insurer or the insured depends on the facts of the particular situation. United Fire & Cas. Ins. Co. v. Garvey, 419 F.3d 743, 746 (8th Cir.2005). See also U.S. Underwriters Ins. Co. v. Manhattan Demolition Co., 250 A.D.2d 600, 672 N.Y.S.2d 384, 385 (N.Y.App.Div.1998) (“[A] broker will be held to have acted as the insurer’s agent where ‘[tjhere [are some] ... facts from which a general authority to represent the insurer may be inferred.’ ”) (citation omitted).
In this case, the Zurich Commercial Business Authority and Commission Schedule reflects that Zurich clearly designated Appellees as the “agent for Zurich Commercial Business Unit,” providing Ap-pellees with the necessary authority from Zurich to “write the lines of business.” See Essex, 985 So.2d at 1046-47 (“[A]n agent licensed to sell insurance products for a variety of insurers as an independent insurance agent, may still be considered the agent of an insurer if the insurer has a written agency appointment agreement expressly authorizing the agent to transact business on behalf of the insurer as its agent.”) (emphasis omitted). Additionally, Alpine employees understood Washburn was a representative of Zurich. See Black’s Law Dictionary, 1416 (9th ed.2009) (defining “agent” as interchangeable with “representative”). Maria Alvarez, the Chief Financial Officer for Appellant, stated that Washburn signed the insurance policy as a “representative of Zurich,” and it was her understanding that Washburn was, in fact, a “representative of Zurich.” Further, Jose Sanchez, one of the owners of Appellant, confirmed that Washburn signed on behalf of Zurich as a “representative.” Sanchez concluded, “I would take it that he’s a representative agent or broker.”
The record, being replete with evidence to conclude that Appellees were an agent of Zurich and thus Appellees’ actions are imputable to Zurich, we conclude the settlement agreement between Appellant and Zurich also covered Appellees and affirm the summary judgment granted by the trial court.
Affirmed.