**Jane BANES, Plaintiff/Appellant,**

v.

**Renee MARTIN and American Family Insurance Company, Defendants/Respondents.**

**No. 72670.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 17, 1998.

---

Kodner, Watkins, Muchnick & Dunne, L.C., Todd I. Muchnick, St. Louis, for plaintiff/appellant.

Homire, Mueller & Bippen, Stephanie K. Morrison, Green, Hennings & Henry, Lewis C. Green, Bruce A. Morrison, Kathleen G. Henry, St. Louis, for defendants/respondents.

PUDLOWSKI, Judge.

Jane Banes (Banes) sought damages against American Family Insurance Company (American Family) and Renee Martin (Martin), as American Family's agent, alleging they breached an agreement to provide her with "full coverage" for her automobile. The trial court granted American Family and Martin's motion for summary judgment stating that no genuine issue of material fact existed for trial. Banes appeals. We find no error in the trial court's grant of summary judgment; affirmed.

In April 1987, American Family issued Banes automobile insurance. Banes continued her policies by renewing them annually. In June 1991, Banes contacted Martin to inform her of the purchase of a new vehicle which Banes would be driving as a part of her employment. Banes requested "full coverage" on the new vehicle. Martin provided Banes with a policy which indicated the new vehicle, but did not vary the terms of Banes's previous policy.

In July 1991, Banes was injured in an automobile accident. Her damages exceeded the tortfeasor's liability limits. Banes then brought suit against American Family and Martin alleging breach of contract and negligence in failing to provide underinsured motorist coverage.

American Family and Martin filed a joint motion for summary judgment. Banes timely replied. The trial court granted the joint motion for summary judgment and issued an order, memorandum and judgment of its decision. Banes appeals.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law; any evidence presented that demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *Landes v. State Farm Fire and Casualty Company*, 907 S.W.2d 349, 353 (Mo.App. W.D.1995). An issue is genuine only if it is real and substantial; it may not consist "of conjecture, theory and possibilities." *ITT Commercial Finance*, 854 S.W.2d at 378.

Following the moving party's prima facie showing for its summary judgment motion, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect.

Rule 74.04(e). Once the moving party has established right to judgment as a matter of law, the non-moving party's only recourse is to show that there is a genuine dispute of a material fact by offering affidavits, depositions, answers to interrogatories, or admissions. *ITT Commercial Finance*, 854 S.W.2d at 381.

Banes contends that both the motion for summary judgment and the court's judgment granting the motion contain procedural deficiencies which mandate reversal. Banes avers that the motion for summary judgment failed to comply with the particularity requirement of Rule 74.04(c)(1) [1]. However, upon review of the motion, this Court finds that the motion set forth each material fact in which American Family and Martin claimed there was no genuine issue in separately numbered paragraphs with references. American Family and Martin also filed a separate legal memorandum with reasoning for the grant of the summary judgment.

Additionally, Banes believes that the trial court judgment failed to comply with Rule 70.04(c)(3) [2] in that it considered facts not raised within the motion for "summary judgment and the response thereto." Martin and American Family made a prima facie showing for summary judgment. Once they did this, it was incumbent upon Banes to establish that summary judgment was improper. Banes failed to do so. Rule 74.04(e). The trial court explained its rationale for granting Martin and American Family's motion and Banes's failure to comply with the rule. The court's findings were not in error.

There was no procedural deficiency with the motion for summary judgment nor with the trial court's judgment. Point denied.

Banes is of the opinion that genuine issues of material fact existed with regard to the type of insurance requested and Martin's duty to provide that coverage; thus, summary judgment was improper. We disagree. Banes asked Martin to provide her with "full coverage" without indicating what "full coverage" would entail nor requesting additional coverage from the previous policy. Martin then procured a policy and sent the form to Banes. Banes accepted the policy without objecting to its terms. Following the accident, American Family paid out under terms of the accepted policy. Therefore, there was no breach of contract.

Banes believes that it was error for Martin to fail to provide the additional underinsured coverage. In order for Martin to have procured the additional insurance, Banes needed to inform her she wanted coverage beyond her previous policy. Martin had no duty under the facts of this case to advise Banes of underinsured motorist coverage. *Farmers Ins. Co., Inc. v. McCarthy*, 871 S.W.2d 82, 85 (Mo.App. E.D.1994). *See also, Manzella v. Gilbert–Magill Company*, 965 S.W.2d 221 (Mo.App. W.D. 1998). Point denied.

The judgment of the trial court is affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.

---

1. Rule 74.04(c)(1) states:
   Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affidavits not previously filed that are relied on in the motion.

2. Rule 74.04(c)(3) states:

After the response has been filed or the time for filing the response has expired, whichever is earlier, the judgment sought shall be entered forthwith if a motion for summary judgment and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be entered on any issue, including the issue of liability alone even though there is a genuine issue as to the amount of damages.