Nancy CLIFTON, Appellant,

v.

ALLSTATE INSURANCE COMPANY, et al., Respondent.

No. WD 56588.

Missouri Court of Appeals, Western District.

June 30, 1999.

Harley Kent Desselle, Independence, for appellant.

Richard Frank Modin, Kansas City, for respondent.

Before HOWARD, P.J., ULRICH, J. and SMART, J.

ULRICH, Judge.

Nancy Clifton appeals the trial court's grant of summary judgment in favor of the defendants, Larry Young and Allstate Insurance Company (collectively "Defendants"). Ms. Clifton sued Defendants in negligence for the Defendants' alleged breach of their duty to Ms. Clifton to procure underinsured motorist coverage in response to Ms. Clifton's request for a "full coverage" policy. The judgment of the trial court is affirmed.

Ms. Clifton first procured insurance with Allstate Insurance Company in 1987. At that time she requested "full coverage" from her Allstate agent, Larry Young. Mr. Young did not discuss underinsured motorist coverage with her, as it was not offered in Missouri at that time. Mr. Young procured a policy and sent the form to Ms. Clifton. She accepted the policy without objecting to its terms.

Underinsured motorist coverage became available in Missouri effective November 8, 1990, for new business and December 6, 1990, for renewing policies. A renewal marketing insert, X4104, was created to inform policyholders, like Ms. Clifton, of available underinsured motorist coverage and a policy amendment, AU1995–1, was created to explain this coverage. X4104 and AU1995–1 were included in the renewal package issued to Ms. Clifton on February 20, 1991, for her next scheduled renewal period beginning March 23, 1991. After receiving the notice concerning the newly available underinsured motorist coverage, Ms. Clifton did not purchase the underinsured motorist coverage. Ms. Clifton received a declaration of the coverage she purchased twice per year along with her renewal notice, but declined to purchase the underinsured motorist coverage.

Ms. Clifton's husband, Barry Clifton, was killed in an automobile accident on April 30, 1996. The driver of the other vehicle was an underinsured motorist, and Ms. Clifton made a claim with Allstate under the terms of her policy. Allstate informed Ms. Clifton that her policy did not include underinsured motorist coverage and denied her claim. Ms. Clifton filed a petition for damages on October 2, 1997, claiming Allstate, through its agent, Larry Young, was negligent in failing to procure underinsured motorist coverage when she requested "full coverage." She claims that Defendants had a duty under the customs and practices of the insurance industry to procure underinsured motorist coverage as part of her request for "full coverage." Defendants filed a motion for summary judgment, arguing that they owed no duty to provide or advise Ms. Clifton of underinsured motorist coverage when she requested "full coverage." The trial court granted Defendants' motion. This appeal followed.

In her sole point on appeal, Ms. Clifton claims that the trial court erred in granting Defendants' motion for summary judgment. She contends that Defendants breached a fiduciary duty to her to procure an insurance policy according to her wishes.

■ Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Ma-*

*rine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established the right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*; *Reeves v. Keesler,* 921 S.W.2d 16, 19 (Mo.App. W.D.1996).

On appeal, Ms. Clifton is claiming Defendants breached a fiduciary duty. However, in her petition to the trial court, Ms. Clifton only pleaded a negligence claim. Because her claim of breach of fiduciary duty was not pleaded to the trial court, Ms. Clifton could not recover under this cause of action, and the cause of action cannot now be considered on appeal. *S & W Cabinets, Inc. v. Consolidated School District No. 6 of Jefferson County, Missouri,* 901 S.W.2d 266, 267 (Mo.App. E.D. 1995); *Browning–Ferris Industries of St. Louis, Inc. v. Landmark Systems, Inc.,* 822 S.W.2d 569, 571 (Mo.App. E.D.1992). Thus, Ms. Clifton's negligence claim is her only cause of action reviewable on appeal.

■ The general elements of a negligence action are (1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff. *Blevins v. State Farm Fire & Cas. Co.,* 961 S.W.2d 946, 951 (Mo.App. W.D.1998). Insurance agents in Missouri have no general duty to advise customers of their particular insurance needs or of optional coverage that may be available. *Banes v. Martin,* 965 S.W.2d 383, 385 (Mo.App. E.D.1998); *Farmers Ins. Co., Inc. v. McCarthy,* 871 S.W.2d 82, 86 (Mo.App. E.D.1994).

■ At the time Ms. Clifton requested "full coverage," Allstate agent, Larry Young, did not discuss underinsured motorist coverage with her because it was not offered in Missouri at that time. Mr. Young procured a policy and sent the form to Ms. Clifton. She accepted the policy without objecting to its terms. When underinsured motorist coverage became available in the State of Missouri, a renewal marketing insert was created to inform policyholders, like Ms. Clifton, of available underinsured motorist coverage, and a policy amendment was created to explain this coverage. The marketing insert and policy amendment were included in the renewal package issued to Ms. Clifton on February 20, 1991, for her next scheduled renewal period beginning March 23, 1991. After receiving the renewal package and notice concerning the newly available underinsured motorist coverage, Ms. Clifton did not request additional coverage from the previous policy and did not purchase the underinsured motorist coverage. De-

fendants did not have a duty to advise Ms. Clifton of the availability of underinsured motorist coverage. Defendants were therefore entitled to judgment as a matter of law, and the trial court did not err in granting Defendants' motion for summary judgment; the point is denied.

The judgment of the trial court is affirmed.

All concur.