Angela PHELPS and Lynn Dill, Appellants,

v.

CITY OF KANSAS CITY, Missouri, Respondent,

North Kansas City School District, Defendant.

No. WD 69493.

Missouri Court of Appeals, Western District.

Jan. 13, 2009.

Patrick S. Cierpiot and Charlie Dickman, Kansas City, MO, for appellants.

Douglas McMillan, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Angela Phelps (Phelps) and Lynn Dill (Dill) appeal a judgment dismissing a wrongful death claim against the City of Kansas City, Missouri, (City) for failure to state a claim upon which relief can be granted.  They argue that their petition sufficiently avers each and every element of statutory waiver of the City's sovereign immunity so as to state a viable cause of action.  Because the sole basis for the dismissal was City's contention that it does not own the property at issue, and because this argument depends on matters beyond the face of the petition, which we do not review on a motion to dismiss, we reverse and remand.

### Factual and Procedural Background

Christopher Dill, ten years old, tragically died while walking in a field adjacent to a street near his school on a rainy day. He fell into the ditch and was sucked into a drainage pipe, where he drowned despite

the efforts of volunteers and emergency responders. His parents brought suit against the City and the North Kansas City School District (District), alleging negligence in the maintenance or operation of the drainage system and that the property was in a dangerous condition.

The City moved to dismiss for failure to state claim, contending that the plaintiffs had failed to plead the necessary elements to support waiver of the City's sovereign immunity. Specifically, the motion stated that the drainage ditch was owned by the District and not the City, and claimed that ownership of the property is essential to implicate any waiver of sovereign immunity. The trial court granted the motion; Phelps and Dill appeal.

### Standard of Review

"We review *de novo* the grant of a motion to dismiss, examining the pleadings to determine whether they invoke principles of substantive law." *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo.App. W.D. 2004). "The pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader." *Id.* (internal quotation marks omitted). "In making our determination, we may not address the merits of the case or consider evidence outside the pleadings." *Id.* (internal quotation marks omitted).

### Discussion

▬ Along with their challenge to the trial court's action in granting the motion to dismiss, Phelps and Dill also argue that the court erred in ruling on the motion before discovery requests were answered and that the court should have awarded them leave to amend their petition. How-

ever, we do not reach these claims because we find that the dismissal was erroneous.

▬ The doctrine of sovereign immunity precludes lawsuits against the government, absent its consent. *State ex rel. Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002). However, section 537.600.1(2)[1] expressly waives sovereign immunity for:

> Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

The City claims that the threshold question is whether the property alleged to be in a dangerous condition belongs to the City. The City's interest in property, however, need not rise to a fee simple interest to implicate the City's liability under section 537.600. *Thomas v. Clay County Election Bd.*, 261 S.W.3d 574, 580 (Mo. App. W.D.2008). Nevertheless, the only contention made in the City's motion to dismiss, and now on appeal, is that Phelps and Dill "cannot establish the requisite element that the alleged dangerous condition was located on property owned by the City, let alone that the City exercised ex-

---

1. All statutory references are to RSMo 2000, updated through the 2007 Cumulative Supplement.

 

clusive control and possession of that property." However, whether they can establish this fact, or that the City has some sufficient interest less than fee simple, is of no consequence here, as we are asked in this appeal only to determine whether the fact of ownership has been sufficiently alleged in the petition.

 The trial court gave no indication as to why it dismissed the petition. Therefore, we presume the decision was based on grounds stated in the motion to dismiss and will affirm if dismissal was appropriate on any grounds stated therein. *Rychnovsky v. Cole,* 119 S.W.3d 204, 208 (Mo.App. W.D.2003).

The petition alleges in paragraph 20 that the "field, ditch, culvert, flume and pipe are owned and/or controlled and maintained by defendants the City of Kansas City and the North Kansas City School District." Paragraph 26 alleges that the "City of Kansas City, Missouri, or its subagencies, owns, operates and/or controls the streets, right of ways, storm sewer systems and drains at issue in this case." We assume these allegations to be true, and paragraph 20 clearly states that the field and ditch, as well as the components of the drainage system, are owned by the City. It makes no difference that the paragraph also alleges that the District owns this property, because parties are free to plead inconsistently. Rule 55.10. Nor does it matter whether Phelps and Dill conceded in other proceedings that the District owns the property, as we review only the face of the petition in considering whether a claim is stated. *Feinstein v. Edward Livingston & Sons, Inc.,* 457 S.W.2d 789, 792 (Mo.1970). Reading paragraph 20 in the light most favorable to Phelps and Dill, it alleges that the City alone, or the District alone, or both own the property. Moreover, reading paragraph 26 in this light, "storm sewer systems" can include all of the property at issue in this case.

Because the petition also sufficiently avers every other element of the "dangerous condition" waiver of sovereign immunity, the motion to dismiss should have been denied. We reverse and remand the case to the trial court for further proceedings.

HAROLD L. LOWENSTEIN, Judge, and LISA WHITE HARDWICK, Judge, concur.