**BUSEY TRUCK EQUIPMENT, INC., Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE CO.,**
Defendant,

and

**Janey Foust, Respondent.**

**No. ED 93091.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 24, 2009.

John W. Grimm, Cape Girardeau, MO, for appellant.

Robert J. Wulff, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Plaintiff Busey Truck Equipment, Inc. ("Busey") brought suit against American Family Mutual Insurance Co. ("Insurance Company") for breach of contract and vexatious refusal to pay[1] and Insurance Company's agent, Janey Foust ("Agent"), for negligent failure to procure insurance. Agent filed a motion to dismiss for failure to state a claim. The circuit court granted Agent's motion to dismiss. We reverse and remand.

### Factual and Procedural Background

Busey alleged the following facts in its petition. Prior to July 27, 2006, Busey's representatives met with Agent and requested an insurance policy to cover its facilities' "contents," which included tools, equipment, customer property, inventory, and supplies. Subsequent to this meeting, Busey purchased and received an insurance policy from Insurance Company. Agent represented to Busey that the policy covered Busey's contents.

On July 27, 2006, there was a fire at Busey's facility in Jackson, Missouri. Busey suffered significant losses as a result of the fire, including the loss of tools, equipment, customer property, inventory, and supplies. When Busey reported the loss and demanded payment of "the full amount of lost Contents resulting from the fire," Insurance Company refused to pay the full value of Busey's claim.

Busey filed a petition in the Circuit Court of Cape Girardeau County alleging, among other claims, negligence against Agent. In its negligence claim, Busey alleged that Agent had a duty to ensure that Busey's insurance policy would cover the contents of its facilities, that Agent breached that duty by negligently and carelessly advising Busey that the policy would cover its Contents, and that, as a result of Agent's negligence, Busey suffered damages.

■ Agent filed a motion to dismiss Busey's negligence claim on the grounds that Busey's petition failed to state a cause of action upon which relief can be granted. Specifically, Agent argued that her duty to Busey, if any, ended "upon the execution and delivery of the insurance policy to the insured which occurred prior to the fire causing the loss" and that Busey's alleged failure to read its insurance policy was fatal to its cause of action. Agent also stated the legal principles that insurance agents have no duty to "explain the scope and effect of a written insurance policy to the insured" or to "advise insureds of optional insurance coverage." The trial court dismissed Busey's claim of negligence against Agent.[2] Busey appeals.

### Standard of Review

■ We review the trial court's grant of a motion to dismiss de novo. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001) (quotation omitted). When reviewing a motion to dismiss on appeal, we assume that all of plaintiff's averments are true and liberally grant plaintiff all reasonable inferences there-

---

1. Busey voluntarily dismissed its claims against Insurance Company.

2. The trial court did not indicate its reasoning for dismissing Busey's petition. We will therefore "presume the decision was based on grounds stated in the motion to dismiss and will affirm if dismissal was appropriate on any grounds stated therein." *Phelps v. City of Kansas City*, 272 S.W.3d 918, 921 (Mo.App. W.D.2009).

from. *Id.* "A petition is sufficient to withstand the motion if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial." *Grewell v. State Farm Mut. Auto. Ins. Co., Inc.*, 102 S.W.3d 33, 36 (Mo. banc 2003) (quotation omitted).

### Discussion

Missouri courts have long held that a broker or agent who undertakes to procure insurance for another for compensation owes a duty of reasonable skill, care, and diligence in obtaining the requested insurance. *Parshall v. Buetzer*, 121 S.W.3d 548, 554 (Mo.App. W.D.2003). An agent or broker who unjustifiably and through his fault or neglect fails to obtain the requested insurance will be held liable for any damages resulting from such failure. *Zeff Distr. Co., Inc. v. Aetna Cas. & Surety Co., Inc.*, 389 S.W.2d 789, 795 (Mo. banc 1965). Moreover, "[a]n agent or broker who undertakes to procure insurance in accordance with instructions impliedly undertakes to give notice to the [client] in the event of his failure to procure such insurance." *Id.* Failure to provide this notice will render the agent or broker liable to the client for damages, and the client may sue in tort for negligent breach of the agent's or broker's duty to timely notify the client that the requested insurance was not obtained. *Wilmering v. Lexington Ins. Co.*, 678 S.W.2d 865, 872 (Mo. App. E.D.1984).

To prevail on a claim of negligent failure to procure insurance, the plaintiff must plead and prove that (1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in so doing, failed to exercise reasonable care and diligence, and (3) as a result, the plaintiff suffered damages. *Haynes v. Edgerson*, 240 S.W.3d 189, 195 (Mo.App. W.D.2007).

In its petition, Busey claimed that its representatives met with Agent and specifically requested an insurance policy covering its facilities' various contents. Busey stated that Agent advised it that the policy would cover Busey's contents and, "[a]s a result of advice provided by [Agent], Busey procured the Policy believing its Contents would be covered." Busey further alleged that Agent failed to exercise care in ensuring that the policy covered all of Busey's contents. Finally, Busey asserted that, as a result of Agent's negligence and Insurance Company's consequent denial of Busey's claim, Busey sustained damages and losses. We therefore find Busey's petition alleged sufficient facts to establish the elements of negligent failure to procure insurance.

In her brief, Agent characterizes Busey's claim as a cause of action for Agent's failure to advise Busey of the types of coverage it needed for its business and the types of coverage available. Agent cites cases for the proposition that insurance agents do not have a general duty to advise customers about their particular insurance needs or the types and amounts of coverage that may be available. *Banes v. Martin*, 965 S.W.2d 383, 385 (Mo.App. E.D.1998); *Blevins v. State Farm Fire & Cas. Co.*, 961 S.W.2d 946, 950 (Mo.App. W.D.1998); *Manzella v. Gilbert–Magill Co.*, 965 S.W.2d 221, 225 (Mo.App. W.D. 1998); *Farmers Ins. Co., Inc. v. McCarthy*, 871 S.W.2d 82, 85 (Mo.App. E.D.1994). Agent also emphasizes that an insurance agent or broker does not have an obligation to explain the policy to the insured. *Wilmering*, 678 S.W.2d at 872. While correct, these statements of law are not of assistance to Agent. Busey's claim for negligent failure to procure insurance is based upon Agent's alleged failure to ob-

tain the coverage Busey requested, not upon any failure to advise about optional coverage or explain the coverage provided.

■ Agent also claims that her duty to act with reasonable care, skill, and diligence in obtaining the insurance requested terminated when Insurance Company executed and delivered the policy to Busey. The cases upon which Agent relies for this proposition are inapposite because the plaintiffs in those cases did not allege that the insurance agents with whom they dealt failed to provide the insurance coverage they requested. *See Hecker v. Missouri Prop. Ins. Placement Facility*, 891 S.W.2d 813, 815 (Mo. banc 1995) (holding that insurance broker did not have a duty to the insureds to either procure a renewal of their insurance or notify them that he would not submit a renewal application on their behalf); *Blevins*, 961 S.W.2d at 950 (holding that insurance agent did not have a duty to advise insureds as to their particular insurance needs or the availability of optional coverage). For example, in *Hecker*, the Supreme Court stated that the insurance agent's duty was not continuing, but ceased on execution and delivery of the policy to the insured because, there, the agent executed and delivered the policy that the insured requested. *Hecker*, 891 S.W.2d at 816; *see also Blevins*, 961 S.W.2d at 950. Agent would have us expand this holding so that once an insurance agent provides *any* policy to the insured, she has fulfilled her duty to the insured. We decline to do so.

■ Agent further contends that Busey's "failure to read its own insurance policy is fatal to its cause of action." In support of this argument, Agent cites *Jenkad Enter., Inc. v. Trans. Ins., Co.*, 18 S.W.3d 34, 38 (Mo.App. E.D.2000); *Wilmering*, 678 S.W.2d at 871; and *Kap–Pel Fabrics, Inc. v. R.B. Jones & Sons, Inc.*, 402 S.W.2d 49, 58 (Mo.App.1966). A review of these cases reveals, however, that in none did a failure to review an insurance policy preclude the insured from stating a claim for negligent failure to procure insurance. In *Jenkad*, the insured sought reformation of a written insurance policy and damages for breach of contract, not negligent failure to procure insurance. *Jenkad*, 18 S.W.3d at 36. Moreover, unlike this case, the *Jenkad* court reviewed the trial court's entry of summary judgment, not a dismissal for failure to state a claim. *Id.* at 38. In *Wilmering*, the defendant brokerage appealed a judgment finding it negligent for failing to adequately advise of the existence of a "watchman warranty" in the policy at issue.[3] *Wilmering*, 678 S.W.2d at 871. In contrast, Busey alleged that Agent failed to procure the requested coverage, not that Agent failed to explain the policy. While *Kap–Pel Fabrics* involved a cause of action for negligent procurement of insurance, the trial court directed a verdict for the defendants, not on the grounds of a failure to state a claim, but because the evidence at trial established that the plaintiff was contributorily negligent in failing to read its insurance policy.[4] *Kap–Pel Fabrics*, 402 S.W.2d at 58. Agent cites no cases where courts dismissed allegations of a negligent procurement of insurance for failure to state a

---

**3.** The plaintiffs had also alleged in their petition that their brokers failed to obtain the insurance requested of them but chose to submit to the jury only the failure to advise claim. *Wilmering*, 678 S.W.2d at 871.

**4.** Not only has Missouri abolished the defense of contributory negligence, but even when, as in *Kap–Pel Fabrics*, we recognized the defense, its application depended upon a court or jury considering evidence of the plaintiff's "maturity, experience and knowledge regarding the realm of human behavior in which his unwise or unreasonable acts or failure to act arise." 402 S.W.2d at 59.

claim based upon an insured's alleged failure to read its policy.

 Finally, Agent seems to argue that as a "captive" insurance agent, she had a lesser duty to Busey than an independent insurance broker might have. We find the distinction between a broker and an agent is not material to an insurance agent's duty to either procure the insurance that her client requests or notify the client of her failure to do so.

### *Conclusion*

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., Concur.