# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1895

_____

Boulevard RE Holdings, LLC

*Plaintiff - Appellant*

v.

Mixon Insurance Agency, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 10, 2023
Filed: July 20, 2023

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

SMITH, Chief Judge.

Boulevard RE Holdings, LLC, (Boulevard) sued Mixon Insurance Agency, Inc., (Mixon), alleging breach of contract and negligent procurement of insurance.

Mixon moved for summary judgment. The district court[1] granted Mixon's motion. Boulevard now appeals that order. For the following reasons, we affirm.

I. *Background*

A. *Factual History*

Boulevard owned commercial property in which BMG Service Group, LLC, (BMG) operated a bar (Property). Boulevard entered into a contract for deed with BMG for the sale of the Property for $1,275,000. Under the contract, Boulevard retained the Property's legal title until BMG paid the purchase price in full. The contract also obligated BMG to obtain, at its own expense, fire insurance in the amount of the purchase price. The insurance was to be issued in Boulevard's name.

BMG approached Mixon, an insurance broker, and requested coverage equal to the purchase price of the Property. BMG also requested to have Boulevard listed as a "named insured, loss payee, additional insured, and mortgagee" on the insurance policy. *Boulevard RE Holdings v. Mixon Ins. Agency*, No. 4:20-cv-01288-SEP, 2022 WL 950820, at *1 (E.D. Mo. Mar. 30, 2022) (quoting R. Doc. 40, at ¶ 4). Mixon procured the policy from Berkley Assurance Co. The policy was issued in Mixon's name and contained an endorsement called the Fire Protective Safeguard Endorsement (Endorsement). The Endorsement required the insured to maintain a working automatic sprinkler system on the Property. The Endorsement also excluded all coverage for loss or damage by fire if the sprinkler system was inoperative. However, the policy, as issued, did not list Boulevard as a "named insured, loss payee, additional insured, and mortgagee." *Id*. (quoting R. Doc. 40, at ¶ 4). Mixon did not inform Boulevard or BMG that Boulevard was not listed.

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

Approximately one year later, the Property was destroyed by fire. At the time of the fire, the sprinkler system was inoperative.

B. *Procedural History*

1. *The Berkley Lawsuit*

Boulevard submitted a proof of loss to Berkley Assurance, claiming to have an interest in the property as a "lender." *Id.* at *2 (quoting R. Doc. 35, at ¶ 8). In response to the claim, Berkley Assurance filed a declaratory action (Berkley Lawsuit),[2] seeking an order that Boulevard had no coverage under the policy and that Berkley Assurance thus had no obligation under the policy to pay Boulevard.

Boulevard then filed a third-party complaint against Mixon, alleging breach of contract and negligent procurement of insurance. Boulevard contended that it was an intended third-party beneficiary of BMG's insurance purchase through Mixon. Boulevard's complaint alleged that it was "foreseeably damaged" in the amount of $1,275,000, as a direct result of both Mixon's negligent procurement of the policy and Mixon's breach of the contract to procure the policy. Appellant's App. at 6, 8.

Berkley Assurance moved for summary judgment against Boulevard. The district court granted Berkley Assurance's motion. It held that Boulevard was not entitled to recover as a mortgagee because sellers in a contract for deed are not mortgagees under Missouri law. The district court concluded that including Boulevard in the policy as a mortgagee would be a material misrepresentation and would void the policy as a result. The district court also concluded that Boulevard was not an additional insured and that, even if it were, noncompliance with the Endorsement barred recovery.

---

[2] *Berkley Assurance Co. v. BMG Service Gr., et al.*, No. 4:18-cv-02082-SEP, 2020 WL 5632440 (E.D. Mo. Sept. 21, 2020).

Additionally, Mixon moved to sever Boulevard's third-party complaint against it. The district court granted Mixon's motion to sever. Thus, only Boulevard's third-party complaint against Mixon remained.

## 2. *Boulevard's Complaint Against Mixon*

Mixon moved for summary judgment against Boulevard. It argued that Boulevard was collaterally estopped from relitigating the issues decided in the Berkley Lawsuit. Mixon also argued that Boulevard did not suffer any damages because Boulevard could not have been included as a mortgagee to the policy under Missouri law and "because . . . had Boulevard . . . been included as an additional insured, the . . . Endorsement would nonetheless have barred Boulevard['s] . . . recovery." *Boulevard RE*, 2022 WL 950820, at *2.

Boulevard, in opposition, argued that the Berkley Lawsuit did not address the issues underlying its claims against Mixon and, thus, did not have preclusive effect. Specifically, Boulevard argued, among other things, that the Berkley Lawsuit "did not reach whether Mixon was negligent when it . . . failed to discover and inform BMG or Boulevard . . . that Boulevard was not actually a mortgagee and the policy was not obtained in the manner requested." *Id.* at *3. Boulevard argued that such failure caused its damages, not noncompliance with the Endorsement. Boulevard asserted that Mixon's failure prevented Boulevard from looking for alternatives to protect its interest in the Property and caused it to suffer losses it may not have otherwise incurred. In support, Boulevard relied on *Bell v. O'Leary*, 744 F.2d 1370, 1372–73 (8th Cir. 1984). *Bell* held that an insurance broker's failure to inform the insureds that their insurance policies were erroneously issued caused damages by "foreclos[ing] the opportunity to consider other options." *Id.* at 1373.

The district court granted Mixon's summary judgment motion. It agreed that Boulevard was collaterally estopped from relitigating the issues decided in the Berkley Lawsuit. The district court concluded that Boulevard could not prove that

-4-

Mixon caused Boulevard any damages because Boulevard's alleged damages were "caused by its exclusion from coverage under the . . . Endorsement." *Boulevard RE*, 2022 WL 950820, at *6.

The district court also distinguished *Bell* and held that "Mixon had no duty to know or find out whether Boulevard . . . was a mortgagee under applicable state laws." *Id*. at *8. It concluded that the insurance agent in *Bell* could be charged with knowing "relevant insurance-related federal regulations" and that such information was readily accessible to the agent. *Id.* The court contrasted that with the information at issue in this case: whether Boulevard could be listed as a mortgagee on the policy. This, according to the district court, was a legal question that required examination of "complex legal issues" under Missouri law. *Id.* The district court held that the answer to this question was not something an insurance professional could be reasonably expected to know or discover. The court concluded that "Mixon had no duty to know or find out whether Boulevard . . . was a mortgagee under applicable state laws." *Id.* This appeal followed.

## II. *Discussion*

On appeal, Boulevard challenges the district court's conclusions that Mixon had no duty to know or discover whether Boulevard was a mortgagee under Missouri law and that Mixon's actions did not cause Boulevard's alleged damages.

### A. *Standard of Review*

We review the district court's grant of summary judgment de novo. *Purscell v. Tico Ins.*, 790 F.3d 842, 846 (8th Cir. 2015). "When reviewing a grant or denial of summary judgment, this Court considers the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *PHL Variable Ins. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008) (internal quotation marks omitted). We will affirm "only if there is no genuine dispute as to

any material fact and the moving party is entitled to judgment as a matter of law." *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013).

## B. *Analysis*

Even assuming that the district court erred in concluding that Mixon did not have a duty to know or discover whether Boulevard was a mortgagee, summary judgment in favor of Mixon was proper because Boulevard cannot show Mixon caused its alleged damages.

The operative complaint raises two causes of action against Mixon: negligent failure to procure insurance and breach of contract. Under Missouri law, both causes of action require showing that the defendant caused the plaintiff to suffer damages. *Busey Truck Equip., Inc. v. Am. Fam. Mut. Ins. Co.*, 299 S.W.3d 735, 738 (Mo. Ct. App. 2009) ("To prevail on a claim of negligent failure to procure insurance, the plaintiff must plead and prove that (1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in so doing, failed to exercise reasonable care and diligence, and (3) *as a result, the plaintiff suffered damages*." (emphasis added)); *Moore v. Firstar Bank*, 96 S.W.3d 898, 902 (Mo. Ct. App. 2003) ("In breach of contract actions, a party must show (1) the existence of an enforceable contract between the parties to the action; (2) that mutual obligations had arisen under its terms; (3) that the party being sued had not performed obligations imposed by the contract; and (4) that *the party seeking recovery was damaged as a result*." (emphasis added)).

Missouri applies "the 'but for' test for causation . . . in all cases except those involving two independent torts, either of which is sufficient in and of itself to cause the injury." *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 862–63 (Mo. 1993) (en banc). Under the "but for" test, "'the defendant's conduct is a cause' of the event if the event would not have occurred 'but for' that conduct." *Id.* at 860–61 (quoting Prosser and Keeton on Torts, § 41 at 266 (5th ed. 1984)). Missouri has

applied a similar analysis to breach-of-contract claims. *See Newell Rubbermaid, Inc. v. Efficient Sols., Inc.*, 252 S.W.3d 164, 177–78 (Mo. Ct. App. 2007) (applying the same causation analysis to plaintiff's breach-of-contract and negligence claims); *see also Essex Contracting, Inc. v. Jefferson Cnty.*, No. ED89269, 2008 WL 1957532, at *13 (Mo. Ct. App. May 6, 2008) (affirming award of damages in breach-of-contract claim because damages would not have occurred "but for [defendants'] breach of contract"), *rev'd on other grounds*, 277 S.W.3d 647 (Mo. 2009).

Here, both causes of action are based on Boulevard's claims that Mixon agreed but failed to have Boulevard named as a mortgagee on the policy and that Mixon failed to notify Boulevard of this. On the record facts, even if Boulevard had been named as a mortgagee, coverage would still be barred because of the Endorsement. The Endorsement required the Property to have a working sprinkler system. The Property was destroyed by a fire that occurred while the Property lacked a working sprinkler system. Indeed,

> [h]ad Mixon procured the Policy in precisely the manner requested by BMG, and had the Policy issued with Boulevard . . . listed as a mortgagee or other additional insured, Boulevard . . . would nonetheless be in the same position in which it now finds itself—without available coverage under the Policy, due to the exclusion under the Endorsement.

*Boulevard RE Holdings*, 2022 WL 950820, at *7.

Boulevard concedes this point. However, it argues causation is met because Mixon's actions prevented it from seeking other options to protect its interest in the Property. In other words, "[Mixon] lulled Boulevard[] into believing that no further actions were necessary when urgent action was needed and thus Mixon's negligence caused Boulevard[]'s damages." Appellant's Br. at 30. Boulevard relies on *Bell* in support.

*Bell* dealt with an insurance broker's failure to notify the insured that the flood insurance policies procured for their mobile homes were erroneously issued because the homes were located in an unincoporated area that was not eligible for flood insurance, despite the policies being renewed multiple times. 744 F.2d at 1371–72. A flood destroyed the mobile homes, and the insureds sued the broker. *Id.* at 1372. The broker argued that because flood insurance was not obtainable from any other source, the plaintiffs would have suffered the monetary losses caused by the flood regardless of his negligence. *Id.* at 1373. We noted that if the insureds had been advised of the location problem, they might have moved the mobile homes to an eligible location. *Id.* at 1374.

We rejected the broker's argument. *Id*. at 1373–74. We concluded that the lack of alternative insurance "did not relieve [the broker] of the obligation to the plaintiffs to pursue their applications with diligence, and to inform his clients that the insurance was unobtainable." *Id*. 1373. We found that the broker's actions "lulled the plaintiffs into believing that no further actions were necessary." *Id.* We held that "whether the plaintiffs would have pursued other options is not the point. The point is that [the broker]'s negligence precluded the necessity of considering options." *Id.* at 1374.

This is distinguishable from the present case. In *Bell*, there was only one potential barrier to recovery: the broker's failure to notify the insureds that their policy was issued erroneously. *Id*. at 1371. Noncompliance with the policy was not at issue. Likewise, Missouri courts find broker liability in cases where coverage was denied as a result of the broker's failure to procure insurance as requested and failure to so inform the insured; broker liability is not premised on noncompliance with the policy. *See Busey Truck Equip., Inc.*, 299 S.W.3d at 737 (holding broker liable where insured denied coverage for damage to contents of facilities because, despite requesting coverage for such contents, the policy did not cover them); *see also Bucksaw Resort, LLC v. Mehrtens*, 414 S.W.3d 39, 44–45 (Mo. Ct. App. 2013) (holding broker liable where insured denied coverage for damage to "parking lot,

fencing, and riprap" because policy that was requested to cover "all the property, including the parking lot, fencing, and riprap" did not cover such property). Thus, in the instances where a broker was found liable, a defect in either the issuance or the terms of the policy, as requested, barred recovery—not any failure to comply with the terms of the policy. Here, if the policy had issued listing Boulevard as requested, the Endorsement would still have barred coverage.

Noncompliance with the policy, not Mixon's failure to notify, barred recovery. Therefore, *Bell* is inapplicable. The district court did not err in granting Mixon's motion for summary judgment.

### III. *Conclusion*

We affirm.

_____